NO. 07-03-00432-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 16, 2004

_____

BETTY ANN NEWBY, APPELLANT

V.

SHERIA EVANS, ADMINISTRATRIX OF THE ESTATE
OF GEORGE RALPH NEWBY, DECEASED, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 35,150; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Betty Ann Newby, proceeding *pro se*, filed a notice of appeal, received by

this court on October 10, 2003, stating that she was appealing an order dated September

8, 2003, that approved a claim against the estate of George Ralph Newby, Jr., deceased.

The notice of appeal referenced two cause numbers, 35,150 and 35,142 in the 84th District

Court of Hutchinson County, so the appeals were assigned two case numbers in this court,

07-03-0431-CV and 07-03-0432-CV. Appellant did not pay the filing fees of $125 for either appeal or submit an affidavit of indigence pursuant to Rule 20 of the Rules of Appellate Procedure.

By letter dated October 14, 2003, the clerk of this court notified appellant that the filing fee had not been paid, and that failure to pay it could result in dismissal. We also received correspondence dated the same date from the trial court clerk, indicating that appellant had not paid for preparation of the clerk's record. Having received no fee by November 18, 2003, we directed appellant by letter of that date, to pay the filing fees on or before December 2, 2003, and to certify to the clerk of this court by the same date, whether appellant had complied with Rule of Appellate Procedure 35.3, concerning payment for preparation of the record, and if not, to give a reasonable explanation for her non-compliance. That letter again advised appellant that failure to pay the filing fees could result in the appeals being dismissed. Tex. R. App. P. 42.3(c).

Appellant responded on December 3, 2003 with a Motion to Extend Payment Date and an Affidavit of Indigency. Those documents did not comply with the requirements of Rule 20.1 for establishing indigence. The affidavit was untimely; it was due to be filed in the trial court with or before the notice of appeal. Any motion for extension of time to file the affidavit would have been due not later than October 25, 2003. Tex. R. App. P. 20.1(c)(3). Moreover, the affidavit stated that appellant would be able to pay the court costs and fees on January 1, 2004. By letter dated December 30, 2003, we notified appellant that she had not complied with the requirements of Rule 20.1. We granted appellant's request for an extension of time to pay the fees, and directed her to pay this

court's filing fees for both appeals, on or before January 5, 2004. Appellant was also directed a second time to certify to the court, by the same date, whether she had complied with Tex. R. App. P. 35.3.

On January 9, 2004, the court received from appellant a response, requesting we require her to pay only one filing fee because the two causes were consolidated at the trial court level. Documents appellant submitted with her response indicate that the consolidation occurred on May 17, 2002, sixteen months before appellant filed her notices of appeal. But appellant did not tender even one filing fee with her response and did not provide the certifications of compliance with Tex. R. App. P. 35.3, as directed.

Appellant is not excused by statute or the Rules of Appellate Procedure from paying costs. Tex. R. App. P. 5. Despite more than reasonable opportunities to do so, appellant has persistently failed to comply with the requirement that she pay the filing fees this court is obligated to collect, and with this court's orders with respect to the filing fees and the preparation of the clerk's record. All parties having had more than ten days' notice that dismissal could result from appellant's continued failure to comply with the rules and this court's orders, these appeals are dismissed. Tex. R. App. Proc. 5, 37.3, 42.3(b) and (c).

Per Curiam